UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

------------------------------------------------------------------ x
**SK CONTRACTORS GROUP, INC.,**
**d/b/a SK CONTRACTORS, LLC,**

               Plaintiff,

   -against-

**DIV005, LLC, et al.**,

              Defendants.
------------------------------------------------------------------ x

**MEMORANDUM & ORDER**

3:23-CV-00636 (VDO)

**VERNON D. OLIVER**, United States District Judge:

Plaintiff SK Contractors Group, Inc. sued defendants DIV005, LLC, Milbank Investment Holding, LLC, Belpointe Capital Management, LLC and Pointe Residential Builders Millbank LLC for issues related to payments stemming from contractual and sub-contractual agreements. The defendants moved to dismiss for lack of subject matter jurisdiction under Fed. R. Civ. P. 12(b)(1), arguing that the parties lack complete diversity. For the following reasons, the Court **denies** the motion but **orders** the plaintiff to file an amended complaint.

**I.    BACKGROUND**

Defendants Millbank and Belpointe planned to construct a multi-family apartment building ("the Project"). They contracted with Pointe Residential, who contracted with DIV005 to provide labor, materials, and equipment. In June 2022, DIV005 subcontracted with the plaintiff to provide labor, materials, and equipment related to a prefabricated structural steel installation. Plaintiff alleges that it has provided over $197,630 in labor, materials, and equipment to the Project, consistent with the terms and conditions of its subcontract with DIV005. It further alleges that it has not received any payment from DIV005 or any of the

contracting entities, and that Millbank and Belpointe have withheld payments to DIV005 for Plaintiff's work.

In its Complaint, Plaintiff SK Contractors Group, Inc. ("SK I") alleges that it is a "Virginia corporation with a principal place of business in Ormond Beach, Florida." (Compl., ECF No. 1 ¶ 1.) But Plaintiff is also listed in the Complaint as doing business as (d/b/a) SK Contractors, LLC ("SK II"). SK II is an LLC with a principal place of business in Florida. (*Id.*) According to the defendants, Martin Lacoff, who owns majority holdings (or the entire holdings) of each of the defendant LLCs, is a domiciliary of Florida. The defendants now move to dismiss for lack of subject matter—read, diversity—jurisdiction.

## II.     LEGAL STANDARDS

Federal Rule of Civil Procedure 12(b)(1) allows a party to seek dismissal of any action based on a lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). "[W]hen the question to be considered is one involving the jurisdiction of a federal court, jurisdiction must be shown affirmatively, and that showing is not made by drawing from the pleadings inferences favorable to the party asserting it." *Shipping Fin. Servs. Corp. v. Drakos*, 140 F.3d 129, 131 (2d Cir. 1998). The plaintiff has the burden to establish the Court's jurisdiction by a preponderance of the evidence and at the time of filing. *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000).

Corporations are citizens of both their state of incorporation and their principal place of business. 28 U.S.C. § 1332(c)(1). LLCs have a different rule: "for diversity-jurisdiction purposes [an LLC's] citizenship is instead determined by the citizenship of all of the members of that entity." *Roll-A-Cover, LLC v. Cohen*, No. 3:09-CV-1378 CSH, 2010 WL 5146435, at *2 (D. Conn. Dec. 13, 2010). "For purposes of diversity jurisdiction, an LLC has the

citizenship of each of its members." *Id.* (quoting *Bischoff v. Boar's Head Provisions Co.*, 436 F. Supp. 2d 626, 634 (S.D.N.Y. 2006)).

### III.    DISCUSSION

The defendants allege that Martin Lacoff's Florida citizenship—which thus extends to the LLCs he is a part of—defeats diversity, as SK II is also a Florida citizen. (Defs. Mem., ECF No. 24-1, at 4.) If they are correct, diversity would be defeated. *Roll-A-Cover, LLC*, 2010 WL 5146435 at *2. Plaintiff bears the burden of proving that the defendants are incorrect.

Plaintiff begins by explaining that it included the "d/b/a" SK II designation out of "an abundance of caution," due to defendant DIV005's "pattern" of conflating the two companies. (Pl.'s Resp., ECF No. 28, at 4.) But that leaves the question of the relationship between SK I and SK II, and why the defendant directly overseeing the company's work might conflate them.

The parties both append business licenses and the contracting agreements between the plaintiff and DIV005. These only muddy what should be clear waters. The business licenses appended by the parties are for SK Contractors Group, Inc. (SK I), SK Contractors, LLC (SK II), and SK Contractors, Inc. (SK III). The subcontract at issue was signed in 2022 by SK Contractors, Inc. (SK III) and DIV005. (ECF No. 28-1, at 7, 23 ¶ 7.) But SK III is not a party in this case. In fact, while SK I is licensed and active in Virginia and SK II is active in Florida, SK III has an inactive (as of 2013) business license in Virginia. SK I and SK II also appear to be related to Mark King, while SK III was registered to Chang Kil Kim. And SK III could not have actually signed the subcontract in 2022 if it was an inactive corporation.

Put succinctly, questions abound as to which company the plaintiff is or should be, and how that answer might relate to the diversity in this case.

3

## IV. <u>CONCLUSION</u>

The ambiguity identified above counsels against granting the defendants' motion to dismiss [ECF No. 24], but does leave the Court in need of clarity. The motion is thus **denied**. The plaintiff is **ordered** to file, within 21 days of this order, an amended complaint rectifying the ambiguity and expounding upon the relationship between SK I and SK II, as well as any relationship between those two and SK III.

**SO ORDERED.**

Hartford, Connecticut
June 24, 2024

/s/Vernon D. Oliver
VERNON D. OLIVER
United States District Judge