UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

```
--------------------------------------------------------------    x
SK CONTRACTORS GROUP, INC.,                                       :
d/b/a SK CONTRACTORS, LLC,                                        :
                                                                 :
                                    Plaintiff,                    :        MEMORANDUM &
                                                                 :        ORDER
            -against-                                             :
                                                                 :        23-CV-636 (VDO)
DIV005, LLC, MILBANK INVESTMENT                                   :
HOLDING, LLC, BELPOINTE CAPITAL                                   :
MANAGEMENT, LLC, and POINTE                                       :
RESIDENTIAL BUILDERS MILBANK LLC,                                 :
                                                                 :
                                    Defendants.                   :
--------------------------------------------------------------    x
```

**VERNON D. OLIVER**, United States District Judge:

Plaintiff SK Contractors Group, Inc. d/b/a SK Contractors, LLC ("SK") brings this action against defendants for breach of contract (in Count One against Defendant DIV005, LLC ("DIV005") and in Count Two against Pointe Residential Builders Milbank LLC ("Pointe")); misrepresentation (in Count Three against Pointe); and unjust enrichment (in Count Four against Milbank Investment Holdings, LLC ("Milbank") and Belpointe Capital Management, LLC ("Belpointe")). Before the Court is Defendant Milbank, Belpointe, and Pointe's (collectively, the "Milbank Defendants") Motion for Sanctions (the "Motion") for SK's failure to prepare its Rule 30(b)(6) corporate designee, Mark King, to testify. For the reasons that follow, the Motion is **GRANTED**.

## I.    BACKGROUND

On September 12, 2025, SK produced a single witness, its president, Mark King, as its Rule 30(b)(6) corporate designee to testify regarding the fourteen topics identified in Schedule A to the Milbank Defendants' deposition notice. The transcript of the deposition reveals that

King was wholly unprepared to testify on those topics.[1] At the outset of the deposition, Mr. King admitted that he undertook virtually no preparation to testify on SK's behalf.[2] He did not review the Rule 30(b)(6) deposition notice,[3] did not review SK's discovery responses,[4] did not review Project-related documents or materials concerning SK's contracts or claimed damages,[5] did not search his emails for responsive information,[6] and did not consult with other SK personnel, despite acknowledging that other individuals possessed greater firsthand knowledge of the underlying project.[7]

Mr. King was unable to answer questions central to SK's claims in this case. For example, he was unable to name the general contractor of the project at the center of this case (the "Project") though that general contractor, Pointe, is a named defendant in this case; nor

---

[1] *See generally* ECF No. 126-2.

[2] *Id.* at 8:24–9:5 (Q: "Did you do anything to prepare for this deposition today?" A: "Really not a lot, I've been so busy with our projects that the time schedule has really pushed me." Q: "Understood." A**:** "So not much.").

[3] *Id.* at 13:4–20 (Q: "Have you seen the re-notice of deposition that lists those topics?" A: "Maybe. I printed out something here … and for note, I have not even had time to read it. I just printed the last two pages with 1 through 14."); *id.* at 14:2–7 (Q: "[C]an you tell me again what you did to prepare to testify about these specific topics now that you've had a chance to read them?" A: "Not much. As again, I've been very busy so I just have to go off of memory and what -- and answer to the best of my ability.").

[4] *Id.* at 14:12–15 (Q: "Did you happen to review SK's responses to defendants' discovery requests including the interrogatories or the requests for production?" A: "No.").

[5] *Id.* at 9:6–8 (Q: "Did you review any documents in the Milbank folder in order to prepare for today?" A: "No, ma'am.").

[6] *Id.* at 30:17–20 (Q: "Have you searched your e-mails since the crash to try to determine whether you went to the job site prior to executing the contract?" A: "No. I didn't know it was important.").

[7] *Id.* at 14:9–11 (Q: "[D]id you speak with anyone at SK in preparation for this deposition?" A: "No, ma'am."); *id.* at 19:6–9 (Q: "Are you the most knowledgeable person at SK on the topics that you've been designated to speak about?" A: "No."); *id.* at 19:18–20:5 (identifying foreman Gilberto Ramos, the foreman who worked on the underlying project "day in and day out" as an individual who possessed greater firsthand knowledge).

could he explain Belpointe's role in the Project despite SK also naming Belpointe as a defendant in this matter.[8] Mr. King was unable to testify as to basic facts concerning Project staffing, scope of work, and completion. For example, he could not recall how many hourly employees SK had on site at the Project, how long SK worked on the Project, or how much work SK completed at the Project.[9] Throughout the deposition, he repeatedly answered substantive questions squarely within the scope of the Rule 30(b)(6) topics with "I don't know," "I don't recall," "I'm not sure," or—most troubling—"I would have to research it" or "I would have to go back" to confirm.

## II.   **LEGAL STANDARD**

Rule 30(b)(6) requires a corporate party to designate one or more witnesses who must testify "about information known or reasonably available to the organization." Fed. R. Civ. P. 30(b)(6). "If the persons designated by the corporation do not possess personal knowledge of the matters set out in the deposition notice, the corporation is obligated to prepare the designees so that they may give knowledgeable and binding answers for the corporation." *Krasney v. Nationwide Mut. Ins. Co.*, 06-CV-1164, 2007 WL 4365677, at *2 (D. Conn. Dec. 11, 2007) (cleaned up); *see also Reilly v. Natwest Mkts. Grp. Inc.*, 181 F.3d 253, 268 (2d Cir. 1999) ("To satisfy Rule 30(b)(6), the corporate deponent has an affirmative duty to make available such number of persons as will be able to give complete, knowledgeable and binding answers on its behalf.") (cleaned up).

---

[8] *Id.* at 21:21–23; 21:24–22:1.

[9] *Id.* at 42:24–43:1; 39:21–23; 44:6–11.

3

To comply with Rule 30(b)(6), a party must "make a conscientious good-faith endeavor to designate the persons having knowledge of the matters sought…and to prepare those persons in order that they can answer fully, competently, unevasively, the questions posed…as to the relevant subject matters." *Mitsui & Co. (U.S.A.), Inc. v. Puerto Rico Water Res. Auth.*, 93 F.R.D. 62, 67 (D.P.R. 1981). The focus of a Rule 30(b)(6) deposition is the knowledge of the organization, not the personal recollection of the individual witness. *In re Enron Creditors Recovery Corp.*, 376 B.R. 442, 455 (Bankr. S.D.N.Y. 2007). Producing an unprepared Rule 30(b)(6) witness is "tantamount to a failure to appear," triggering sanctions under Rule 37(d). *Kyoei Fire & Marine Ins. Co. v. M/V Maritime Antalya*, 248 F.R.D. 126, 152 (S.D.N.Y. 2007) (cleaned up).

## III.   **DISCUSSION**

Here, the record demonstrates a clear and substantial failure to comply with Rule 30(b)(6)'s core obligation that a corporate designee be prepared to testify as to information "known or reasonably available to the organization." Fed. R. Civ. P. 30(b)(6). Mr. King conceded that he undertook virtually no preparation whatsoever for his deposition, including failing to review the deposition notice, relevant discovery responses, or project-related documents, and failing to consult with any SK personnel despite acknowledging that other individuals possessed superior firsthand knowledge. As a result, King's testimony was repeatedly limited to assertions that he "did not know," "did not recall," or would need to "go back" or "research" basic information central to SK's claims and damages.

This testimony was indicative not merely of an imperfect recollection, but an abdication of the corporate duty to educate and prepare a Rule 30(b)(6) witness to provide knowledgeable and binding testimony on behalf of the organization. A Rule 30(b)(6) deposition is designed

4

to elicit the collective knowledge of the corporation, not the unprepared recollections of an individual witness, and SK's failure to prepare King or designate additional knowledgeable witnesses effectively deprived the Milbank Defendants of the discovery to which they were entitled. Under these circumstances, SK's conduct is properly treated as tantamount to a failure to appear, warranting the imposition of sanctions under Rule 37(d).

SK's attempts to excuse its failure to produce a properly prepared witness are unpersuasive. In particular, SK contends that Mr. King's deficient testimony resulted from the loss of documents due to computer issues and from the death of the SK manager who oversaw the underlying project. These assertions do not address, much less excuse, SK's independent obligation under Rule 30(b)(6) to prepare its designee using information known or reasonably available to the organization.

Notably, Mr. King's deposition testimony reflected not a lack of access to information, but rather a wholesale failure to review existing materials, consult available sources, or otherwise meaningfully prepare for the deposition. Moreover, Mr. King was unable to provide even basic details regarding the alleged computer failure, including when it occurred or what specific documents were purportedly lost.[10] When questioned about missing email communications between SK and the Milbank Defendants, he could identify no particular communications that were unavailable and instead offered only conclusory assertions that certain emails were missing. Nor did SK seek additional time to prepare Mr. King for the deposition or designate any additional Rule 30(b)(6) witnesses with knowledge responsive to the noticed topics, despite Mr. King's acknowledgment that other SK personnel—apart from

---

[10] *Id.* at 15:11–18:19.

the late Mr. Ringer—possessed more detailed firsthand knowledge regarding the underlying project. The record therefore amply supports the imposition of sanctions for SK's failure to comply with Rule 30(b)(6).

## IV.    <u>CONCLUSION</u>

Accordingly, the Court **grants** the Motion for Sanctions. SK is bound by its Rule 30(b)(6) testimony and precluded from introducing any later evidence that contradicts or supplements that testimony. Additionally, SK is ordered to pay the Milbank Defendants' reasonable fees and costs incurred in connection with the deposition and the Motion for Sanctions. On or before **June 25, 2026**, the Milbank Defendants shall file a proposed order specifying the compensatory fees they seek to recover, along with contemporaneous billing records and other supporting documentation.

**SO ORDERED.**

Hartford, Connecticut
June 11, 2026

/s/Vernon D. Oliver
VERNON D. OLIVER
United States District Judge

6